IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>LORENZO SEGUNDO GALLEGOS,<br><br>　　　　　　　　　Defendant. | CASE NO.  1:10-CR-00353 LJO<br><br>AMENDED ORDER GRANTING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) |

　　　　The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses.  The Government does not oppose the motion.  The Court hereby grants the motion.

　　　　Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.  The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

///

On April 16, 2012, this Court sentenced the defendant to a term of 77.5 months in in prison. This term reflected a downward departure from the defendant's 120-month recommended sentence. The defendant's total offense level was 27, his criminal history category was II, and the resulting guideline range was 120-121 months (the 97-month bottom of the guideline range was replaced by the 120-month mandatory minimum sentence). The sentencing range applicable to the defendant was subsequently lowered by the United States Sentencing Commission in Amendment 782, made retroactive on July 18, 2014, see 79 Fed. Reg. 44,973, with an effective date of any such reduction as of November 1, 2015. The defendant's total offense level has been lowered from 27 to 25, and this amended guideline range is 63-97 months.

The original downward departure represented 20 percent of the bottom of the original guideline range without reference to the mandatory minimum but with a two-level enhancement. The Court determines that the defendant shall be granted a comparable reduction of 20 percent from the new guideline range also enhanced upward by two levels.

IT IS HEREBY ORDERED that the term of imprisonment imposed on April 16, 2012, reflected in the judgment dated April 20, 2012, is reduced to a term of 62 months, effective as of November 1, 2015.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence, an effective date of the amended judgment as November 1, 2015, and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, the defendant shall report to the United States Probation Office within seventy-two hours after his release.

IT IS SO ORDERED.

Dated:   **January 9, 2015**          **/s/ Lawrence J. O'Neill**
                                      UNITED STATES DISTRICT JUDGE